IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

HECTOR LUIS PANTOJA PAGAN; LAURA
ESTHER RIVERA PAGAN

       Debtors

CASE NO. 21-02951 (ESL)

CHAPTER 13

OPINION AND ORDER

This case is before the court upon the *Motion for Summary Judgment as to Debtor's Proposed Treatment to Secured Creditor* filed by Planet Home Lending, LLC, as servicer for, Luna Residential II, LLC (hereinafter referred to as ("Planet Home" or "Claimant") in which Planet Home contends that: (i) the Debtors' amended plan fails to comply with 11 U.S.C. §§1322 & 1325(a)(1), (5) because it does not provide for the payment of the entirety of the Claimant's mortgage note #2 which matures during the life of the plan; (ii) the Debtors failed to provide evidence to rebut the presumptive validity and amount of Planet Home's claim pursuant to Fed. R. Bankr. P. 3001(f); (iii) that the Court should authorize it to initiate the necessary proceedings regarding lost mortgage notes pursuant to 11 U.S.C. §§362(b)(3), 546(b) and in conformity with the Puerto Rico Commercial Transactions Act, 19 L.P.R.A. §609 and the Real Property Registry Act of the Commonwealth of Puerto Rico, as amended, ("Real Property Registry Act") and the Regulation number 8814 as, amended, "General Regulations for the Execution of the Real Property Registry Law of the Commonwealth of Puerto Rico" ("Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico") (hereinafter referred to as "Regulations 8814"). The Debtors filed their *Opposition to Planet Home Lending, LLC's Motion for Summary Judgment* by which they argue: (i) that the Mortgage Notes attached to the mortgage claim are not endorsed in favor of Planet Home, thus, it is not the holder in due course with standing to enforce the security interests. Planet Home's Lost Note Affidavit attached to the proof of claim does not constitute a judgment replacing the

-1-

missing/lost mortgage note nor does it certify ownership of credit. Planet Home failed to follow the procedures pursuant to the Real Property Registry Act and Regulations 8814 to replace the lost mortgage note; (ii) the state law regulations applicable to the enforcement of a security interest are clear that a mere copy of the negotiable instruments does not suffice to establish standing as a holder. Claimant has admitted that it is not in possession of the mortgage notes and that judgment replacing the mortgage notes has not been entered; and (iii) the amount and maturity date claimed in amended proof of claim number 5-3 is disputed as it does not properly reflect the application of debtors' payments and the principal claimed does not relate to the mortgage maturing in May 2023. Before this Court's consideration is also Planet Home's *Reply to Debtors' Opposition to Creditor's Motion for Summary Judgment as to Debtors' Proposed Treatment of this Secured Creditor under the Chapter 13 Plan* by which it further asserts the following: (i) Debtors' assertion that Planet Home does not have standing because the mortgage notes are lost and were not endorsed are contrary to Debtors' actions which constitute and admission that Planet has standing because the Debtors included Planet Home in their Schedules, filed an objection to its proof of claim, and also included Planet Home in their amended chapter 13 plan; (ii) the Lost Note Affidavit attached to Planet Home's proof of claim provides evidence of credit ownership; (iii) Planet Home's amended proof of claim constitutes *prima facie* evidence of the validity of its claim because the Debtors failed to produce substantial evidence that the loan balance claimed is incorrect; and (iv) the amended plan should not be confirmed until it provides for the payment of Planet Home's valid secured mortgage claim in full.

For the reasons stated herein, Planet Home's *Motion for Summary Judgment as to Debtor's Proposed Treatment to Secured Creditor* is denied. However, the Court will also discuss how the disposition of the motion for summary judgment affects the overall disposition of the Chapter 13 petition.

## Jurisdiction

This court has jurisdiction under 28 U.S.C.§§ 1334(b) and 157(a). This action is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and (b)(2)(A), (B), and (L). Venue lies in this District pursuant to 28 U.S.C.§§1408 and 1409.

## Facts and Procedural Background

The Debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on September 30, 2021. The Debtors included in Schedule D: Creditors Who Have Claims Secured

by Property, Planet Home's claim in the amount of $187,193.03. The Debtors disclosed that the value of the collateral that supports this claim was in the amount of $135,000.00 and the unsecured portion of the claim was in the amount of $52,193.03 (Docket No. 1, pg. 20). On September 30, 2021, the Debtors filed a *Motion Requesting Continuation and/or Imposition of the Automatic Stay* and the same was granted on October 19, 2021. (Docket Nos. 4 & 13). In said motion, the Debtors informed the Court that they had previously filed for bankruptcy twice. The first case was filed on September 18, 2015, and was dismissed on July 12, 2017, for failure to make payments under a confirmed plan (Case No. 15-07220). The second bankruptcy petition was filed on August 31, 2017, and dismissed on March 1, 2021, for failure to make payments under a confirmed plan. (Case No. 17-06219). On October 28, 2021, Planet Home filed proof of claim number 5-1 for a secured mortgage claim in the amount of $185,828.72.

On November 17, 2021, the 341 creditors' meeting was held and closed. The Chapter 13 Trustee's minutes disclose that Planet Home does not have evidence of the endorsed mortgage notes. (Docket No. 16). On November 30, 2021, the Trustee filed an unfavorable confirmation report stating that the sufficiency of the September 30, 2021, chapter 13 plan cannot be determined until the treatment to Luna Residential is clarified. (Docket No. 18). On December 8, 2021, Planet Home filed amended proof of claim number 5-2 for a secured mortgage claim in the amount of $185,857.21. On December 13, 2021, the Trustee filed an amended unfavorable report disclosing that the plan was insufficiently funded considering claim number 5-2 filed by Planet Home. (Docket No. 19).

On December 13, 2021, the Debtor filed an *Objection to Amended Claim 5 Filed by Planet Home Lending, LLC, Notice and Certificate of Service* premised upon the lack of endorsements of the notes in favor of claimant and lack of itemization of interests, fees, expenses, and charges as required by Fed. R. Bankr. P. 3001(c)(2)(A). In addition, claimant failed to attach the corresponding official form that is required pursuant to Fed. R. Bankr. P. 3001(c)(2)(C). The Debtors contend that Planet Home's amended claim also failed to submit the endorsed notes in favor of claimant, thus Planet Home lacks standing to appear in these proceedings. The Debtors argue that given that there are no endorsed notes in favor of Claimant, thus, it is not a holder in due course of the notes and it is not entitled to payment in this case. The Debtors argue that they do recognize arrears associated with the notes, but they do not owe the mortgage balance that amounts to $185,857.31 because they have been making payments for the last ten (10) years to Santander Financial which appear to have not been applied. (Docket No. 20). On December 14,

2021, the Trustee filed another unfavorable plan confirmation report based on the same reasons included in prior unfavorable reports. (Docket No. 22). On December 22, 2021, Planet Home filed its *Reply to Debtors' Objection to Claim* in which it asserts that all of the Debtors' allegations are unfounded. Planet Home contends that: (i) there is no question that the appearing creditor is the holder of the mortgage note. Notwithstanding, Planet Home asserts that some of Santander Financial Services' assets were sold to Luna Residential II, LLC and both mortgage notes were lost in the transition process. Therefore, the proof of claim is supported with a Lost Note Affidavit that certifies under oath that the mortgage note was lost, and that the holder is the appearing creditor; (ii) the burden of proof pursuant to Fed. R. Civ. P. 3001(f) has shifted to the Debtors, thus they must object to the claim and introduce evidence to rebut the claim's presumptive validity; and (iii) the Court should authorize the appearing creditor to initiate the necessary process to substitute the mortgage notes pursuant to 11 U.S.C. §362(b)(3). (Docket No. 25). On December 22, 2021, Planet Home filed amended proof of claim number 5-3 for a secured mortgage claim in the amount of $185,857.21.

Thereafter, on April 18, 2022, the Debtors filed amended plan dated March 29, 2022. Section 3.7 of the amended plan disclosed that the mortgage claim would be modified pursuant to 11 U.S.C. §1322(b)(2) and/or 1322(c)(2) and that it would pay Planet Home in full (100%) the amount of $76,645.08. (Docket No. 34). On April 25, 2022, the Trustee filed an unfavorable confirmation report as to the amended plan dated March 29, 2022, due to the sufficiency of the amended plan hinges upon the adjudication of Debtors' objection to Planet Home's proof of claim. If the Debtors prevail, the plan may be sufficient. The Trustee notes that Debtors' objection to claim requests that the claim be disallowed, and the debt be cancelled and forever discharged whether or not the Debtors receive their discharge in this case. (Docket No. 38).

Subsequently, on May 26, 2022, Planet Home filed a *Motion for Summary Judgment as to Debtors' Proposed Treatment to Secured Creditor* (Docket No. 45). Also, on said date, Planet Home filed its *Statement of Uncontested Facts in Support of Creditor's Motion for Summary Judgment* (Docket No. 47). On June 7, 2022, the trustee filed an amended unfavorable report as to the amended plan dated March 29, 2022. (Docket No. 49). On June 27, 2022, the Debtors filed their *Response to the Trustee's Unfavorable Recommendation*. (Docket No. 60). On August 15, 2022, the Debtors filed their *Opposition to Planet Home's Motion for Summary Judgment* (Docket

No. 72). On August 18, 2022, the Trustee filed an unfavorable report on confirmation regarding the amended chapter 13 plan dated July 12, 2022 (Docket No. 73). (Docket No. 76). On October 3, 2022, Planet Home filed a *Motion to Reiterate the Objection to Plan Confirmation* because the amended plan is not in conformity with section 1325(a)(5) and the same is inconsistent because in one section it provides to pay an arbitrary portion of the secured debt and in another section requests the Court to disallow the claim. (Docket No. 81). On October 12, 2022, the Trustee filed an amended unfavorable report on confirmation as to the amended chapter 13 plan dated July 12, 2022, in which it incorporated Planet Home's objection to said plan. (Docket No. 88). On October 13, 2022, Planet Home filed its *Reply to Debtors' Opposition to Creditor's Motion for Summary Judgment as to Debtors' Proposed Treatment of this Secured Creditor under the Chapter 13 Plan.* (Docket No. 89). On January 3, 2023, the Trustee filed a second amended unfavorable report on confirmation as to the amended chapter 13 plan dated July 12, 2022, including that the Debtors were $4,304.00 in arrears under the proposed plan which is equivalent to two (2) monthly installments, therefore the proposed plan is unfeasible pursuant to §1325(a)(6). The Trustee also disclosed that the proposed plan is inconsistent because it provides in one section to pay an arbitrary portion of the secured debt and in the other requests the Court to disallow the claim. The mortgage loan matures during year two of the plan and the Debtor has failed to recognize and provide for the payment of the same. Thus, the plan is insufficiently funded. (Docket No. 90). On January 31, 2023, the Trustee filed a third amended unfavorable report on confirmation as to the amended chapter 13 plan dated July 12, 2022, disclosing that the Debtors were $6,456.00 in arrears under the proposed plan which is equivalent to three (3) monthly installments. The Trustee noted that the last payment made by the Debtors was on October 20, 2022. (Docket No. 91). On February 14, 2023, FirstBank Puerto Rico filed a motion to dismiss alleging arrears on the proposed plan in the amount of $6,456.00. (Docket No. 93).

The Court finds that the following are the uncontested material facts pursuant to the parties after taking into consideration the evidence attached and the docket of the case (Docket Nos. 47, 72 & 89):

Material Uncontested Facts

1. On May 20, 2008, the Debtors executed a Mortgage Note to the order of Santander Financial Services, Inc. d/b/a Island Finance, or to the holder or bearer in the principal amount of $140,952.17 plus interests at a 10.35% interest rate. (Docket No. 47-2).

2. Mortgage Note #1 was secured by mortgage deed number 102 executed before Notary Public Luz B. Solero Santiago. Mortgage deed number 102 encumbers Lot Number 8634 of Toa Baja, recorded at Property Registry, Second Section of Bayamon[1]. (Claims Registry, amended proof of claim number 5-3, pgs. 47-58).

3. On January 18, 2011, Santander Financial Services, Inc., note holder at the time, filed a foreclosure case against the Debtors for failure to make the payments related to mortgage #1.

4. The Debtors and Santander Financial Services, Inc. reached an agreement to execute a second mortgage which consisted of the arrears of the first mortgage loan. On July 24, 2012, the Debtors executed a second mortgage note in the amount of $18,222.10 with a maturity date of May 24, 2023. Mortgage note #2 was guaranteed by Mortgage Deed No. 125. (Docket No. 47-1).

5. Mortgage Deed No. 125 is in favor of Santander Financial Services, Inc. which

---

[1] The property description in the Spanish language is the following: "URBANA: Parcela de terreno en la "Urbanización Levittown," Quinta Unidad de Planificación de la Urbanización Levittown, con el número área y colindancias que se relacionan a continuación: Número del Solar Uno (#1) del Bloque "CP", Área del Solar: Trescientos Cincuenta y Seis Metros Cuadrados con Cincuenta Centímetros (356.50). En lindes por el NORTE, en quince metros cincuenta centímetros con la calle Doctor Pedro Goyco; por el SUR, en quince metros cincuenta centímetros con un Paseo Público; por el ESTE, en veintitrés metros (23.00m) con el solar número dos (#2); por el OESTE, en veintitrés metros (23.00m.) con un Paseo Público."

Consta inscrita al folio ciento siete (107) del tomo ciento cuarenta (140) de Toa Baja, finca número ocho mil seiscientos treinta y cuatro (8,634), inscripción primera del Registro de la Propiedad de Bayamón, Sección Segunda."

encumbers Lot Number 8634 in Toa Baja, recorded at the Property Registry, Second Section of Bayamón described in footnote 1 herein. (Claims Registry, amended proof of claim number 5-3, pgs. 59- 68).

6. The Debtors filed a bankruptcy petition in the year 2015 (Lead Case Number 15-7220) and it was dismissed on July 12, 2017, for failure to make plan payments (Lead Case Number 15-07220, Docket Nos. 70 & 78).

7. On August 31, 2017, the Debtors filed their second bankruptcy petition (Lead Case Number 17-06219).

8. On March 12, 2018, Banco Santander as servicer for Santander Financial Services, Inc., filed proof of claim number 6-1 in the amount of $161,452.21. The amount necessary to cure the default was $34,792.27.

9. On January 26, 2021, the Chapter 13 Trustee filed a motion to dismiss informing the Court that the Debtors were in arrears in the amount of $5,850.00 after failing to make payments since October 20, 2020. Thereafter, on March 1, 2021, the Court granted the Chapter 13 Trustee's motion, and the case was dismissed. (Lead Case No. 17-06219, Docket Nos. 133 & 136).

10. For the third time in six years, on September 30, 2021, the Debtors filed the instant bankruptcy petition. The Chapter 13 plan dated September 30, 2021, disclosed Planet Home as a secured claimant and proposed to pay the arrears in the amount of $36,461.52 pursuant to part 3.1 of the plan. The Debtors also included that they would pay the current contractual installment payments in the amount of $1,302.31. (Docket No. 3).

11. On December 22, 2021, Planet Home filed amended proof of claim number 5-3 as a secured claimant in the amount of $185,857.21. Planet Home attached with its amended proof claim, two (2) lost notes affidavits for each of the mortgage notes. (Claims Registry, proof of claim number 5-3, pgs. 40-41 & 74-75).

12. The Debtors' March 29, 2022, amended plan discloses in part 3.7 that the Debtors propose modifying Planet Home's secured claim and propose to pay the amount of $76,645.08 for the entire claim. The amended plan proposed to pay the amount of $850.00 for the first six months and the payment amount of $2,152.00 for months seven (7) through sixty (60), resulting in a total plan base in the amount of $121,308.00. (Docket No. 34, pgs. 1-3).

13. On August 16, 2022, the Debtors' filed an amended Chapter 13 plan dated July 12, 2022, which proposes in part 3.7 to pay Planet Home in full the amount of $76,645.08. This is the current proposed plan. (Docket No. 73).

### Position of the Parties

**Planet Home**

Planet Home argues that the Debtors' amended plan may not be confirmed because it does not comply with 11 U.S.C. §1322 & 1325(a)(1) & (5). Planet Home contends that given that the Debtors propose to keep the real estate property, the amended plan must provide for the payment of the secured claim in its entirety. The amended plan is insufficiently funded because it does not provide for the payment of the secured claim in its entirety. Planet Home avers that the Debtors have failed to provide evidence to rebut the presumptive validity of its claim pursuant to Fed. R. Bankr. P. 3001(f). Planet Home further argues that its amended proof of claim number 5-3 provides a lost note affidavit as evidence of credit ownership. Notwithstanding, Planet Home requests the Court to authorize it to initiate the necessary legal proceedings to substitute the mortgage note as prescribed by 11 U.S.C. §362(b)(3) and §546(b)(1) as to lost mortgage notes pursuant to the Puerto Rico Commercial Transactions Act, as amended, 19 L.P.R.A. §401, et. seq., Article 122 of the Real Property Registry Act, 31 L.P.R.A. §6172 and Rules 92.4 and 122.2 of Regulations 8814 that provide for the substitution of a misplaced and/or lost mortgage note. Planet Home contends that the mortgage deeds are duly recorded, and the secured liens are valid and enforceable. Moreover, once the notes are lost, the obligation to pay is not extinguished.

Planet Home further contends that the Court should take judicial notice of the dockets in the two previous cases filed by the Debtors and that there were no objections filed by the Debtors as to the secured mortgage creditor. Planet Home argues that the Debtor's actions of including

Planet Home in its schedules, filing an objection to its proof of claim, and including it in the proposed chapter 13 plan constitute an admission that Planet has standing to participate in this case and is a party in interest. Planet Home avers that it is a secured creditor with a valid secured claim, and thus a party in interest with a financial stake in the outcome of this proceeding.

### Debtors

The Debtors argue that the mortgage notes attached to Planet Home's amended claim are not endorsed in favor of Planet Home, therefore, Planet Home is not the holder in due course with standing to enforce the security interests. Claimant has admitted that it is not in possession of the mortgage notes and that judgment replacing the mortgage notes has not been entered. Planet Home's Lost Note Affidavits attached to the proof of claim does not constitute a judgment replacing the missing/lost mortgage note nor does it certify ownership of credit. Planet Home failed to follow the procedures pursuant to the Real Property Registry Act and Regulations 8814 to replace the lost mortgage notes. The Debtors did not follow any of the required steps by Rules 92.4 and 122.1 of the Mortgage Regulations to replace the alleged lost mortgage notes. No judgment has been rendered by the state court confirming that all the required legal steps for the replacement of the lost negotiable instruments were followed. Moreover, the state law regulations applicable to the enforcement of a security interest are clear that a mere copy of the negotiable instruments does not suffice to establish standing as a holder. The Debtors further argue that the amount and maturity date claimed in amended proof of claim number 5-3 is disputed as it does not properly reflect the application of debtors' payments and the principal claimed does not relate to the mortgage maturing in May 2023. The Debtors further argue that Planet Home's official form 410A is incomplete and does not provide in part 5 all the required information and does not seem to reflect the proper application of payments made to the loan balance, interest and escrow as it refers to a suspense account. The Debtors' position is that the mortgage statements produced by claimant post-petition are inconsistent, inaccurate, and misleading.

**Legal issue(s)**

Planet Home's motion for summary judgment requests that the Court enter summary judgment: (i) denying Debtors' objection to Planet Home's claim; (ii) denying confirmation of the Debtors' amended plan; and (iii) authorizing Planet home to initiate the necessary process to substitute the mortgage notes as prescribed by 11 U.S.C. §362(b)(3). The Debtors oppose Planet

Home's motion for summary judgment contending that it is not a holder in due course with standing to enforce its security interests. At this juncture, the key legal issue in the instant case is whether Planet Home is a holder in due course of the mortgage notes with standing to enforce the security interests.

### Applicable Law and Legal Analysis

*Standard for Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, 3d, Vol 10A, § 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving

party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also, Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

For the reasons explained below, this court denies Planet Home's *Motion for Summary Judgment.*

### Enforcement of a Lost Mortgage Note

At the outset, the Court finds that Planet Home has standing to pursue its rights as an alleged creditor that filed a proof of claim, was scheduled as a secured creditor in the Debtors' schedules, and is included in the proposed chapter 13 plan as a secured creditor. Its interests are

clearly affected by Debtors' objection to its claim and its treatment in the proposed Chapter 13 plan.

The Court exercises its discretion and declines to apply judicial estoppel to the facts of this case as it relates to Debtors' position on the secured claim filed by Santander Financial Services, Inc., in the prior two cases and the objection to Planet Home's claim in this case. In the first two petitions there was no issues as to the party holding the mortgage note. In this case, possession of the note is the key to its enforcement. The Court relies on the excellent exposition by the First Circuit Court of Appeals in Buscone v. Botelho (In re Buscone), 2023 U.S. App. LEXIS, ___ F. 4th___ (1st Cir. Feb. 22, 2023).

The Court notes that in both of Debtors' prior bankruptcy petitions, Santander Financial Services, Inc. was the mortgage creditor that filed proof of claims and filed notices of appearances and requested various remedies such as relief from the automatic stay. The Court also notes that Santander Financial complied with Fed. R. Bankr. P. 3001(c)(2)(C) and completed Official Form 410A including Part 5, titled, "Loan Payment History from First Date of Default," of said form when it filed its proof of claim in Debtor's second bankruptcy petition (Lead Case No. 17-06219). The Debtors' second bankruptcy case was dismissed on March 1, 2021. (Lead Case No. 17-06219, Docket No. 136). On March 18, 2021, *The Chapter 13 Standing Trustee's Final Report and Account* disclosed that he paid Banco Santander de P.R. certain monies for a secured claim (Lead Case No. 17-06219, Docket No. 138). Banco Santander de P.R. was the servicer for Santander Financial Services, Inc. The Debtors filed their third bankruptcy petition on September 30, 2021. There is no transfer of claim filed in the Debtors' second bankruptcy petition. The Court is unaware of when Planet Home acquired Santander Financial's mortgage notes, but reasons that the transfer of claim must have occurred some time between March 18, 2021, and September 30, 2021. Moreover, the Court takes judicial notice that in the two previous bankruptcy cases, the Debtors did not file any objections as to the secured mortgage creditor because there was no legal issue as to Santander Financial being the mortgage creditor and the holder in due course of the mortgage notes at the time.

Uniform Commercial Code Section 3-301 provides who may enforce a negotiable instrument. A plaintiff must establish: (i) the plaintiff is the holder of the instrument; (ii) the plaintiff is a nonholder in possession of the instrument who has the rights of a holder; (iii) the plaintiff cannot obtain possession of the instrument because the instrument has been lost or stolen;

(iv) the payor paid the instrument by mistake and recovered payment from the plaintiff. See 13 Bus. & Com. Litig. Fed. Cts. §140:10 (5th ed.).

The Puerto Rico Commercial Transactions Act ("Commercial Transactions Act") establishes who is entitled to enforce a negotiable instrument and who is a holder in due course.

Section 2-301 provides the meaning of a person entitled to enforce an instrument as:

"(1) the holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of a holder, or (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to §§609 and 668(d) of this title. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument." 19 L.P.R.A. § 601.

Section 2-302 provides the meaning of a holder in due course in pertinent part as the following:

(a) Subject to subsection (c) of this section and §506(d) of this title, "holder in due course" means the holder of an instrument if:

(1) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity, and

(2) the holder took the instrument: (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an [excused] default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in §606 of this title, and (vi) without notice that any party has a defense or claim in recoupment described in §605(a) of this title.

(b) Notice of discharge of a party, other than discharge in an insolvency proceeding, is not notice of a defense under subsection (a) of this section, but discharge is effective against a person who became a holder in due course with notice of the discharge. Public filing or recording of a document does not of itself constitute notice of a defense, claim in recoupment, or claim to the instrument.

(c) Except to the extent a transferor or predecessor in interest has rights as a holder in due course, a person does not acquire rights of a holder in due course of an instrument taken: (i) by legal process or by purchase in an execution, bankruptcy, or creditor's sale or similar proceeding, (ii) by purchase as part of a bulk transaction not in ordinary course of business of the transferor, or (iii) as the successor in interest to an estate or other organization." 19 L.P.R.A.§ 602

Section 2-203 discusses when a negotiable instrument is transferred, and the rights acquired by such transfer. This section provides in pertinent part as follows:

(a) An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.

(b) Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.

(c) Unless otherwise agreed, if an instrument is transferred for value and the transferee does not become a holder because of lack of indorsement by the transferor, the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, but negotiation of the instrument does not occur until the indorsement is made.

(d) If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur. The transferee obtains no rights under §§501-755 of this title and has only the rights of a partial assignee. 19 L.P.R.A. §553.

Section 2-204 provides in pertinent part the meaning of indorsement as follows:

"(a) *Indorsement.*— Means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of: (1) negotiating the instrument, (2) restricting payment of the instrument, or (3) incurring indorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an indorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously indicate that the signature was made for a purpose other than indorsement. For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument." 19 L.P.R.A. §554.

In the instant case, Planet Home, pursuant to the Lost Note Affidavits for both mortgages, discloses that it does not have physical possession of the mortgage notes and that despite its efforts to locate it, the mortgage notes are lost, and the lender personnel have no knowledge of its current location. (Docket No. 47-1 & 47-2). The copies of the mortgage notes submitted by Planet Home are not indorsed by the transferor (Santander Financial) to the order of Planet Home, meaning that

the mortgage notes appear as not being issued or negotiated to the order of Planet Home, which means that Planet Home may not enforce the mortgage notes.

The court finds that Planet Home does not have possession of the negotiable instruments (the mortgage notes) but also is not a holder in due course of these mortgage notes because they lack the required indorsements to be considered negotiated and transferred to Planet Home. Therefore, Planet Home, at this juncture, is not a holder in due course of a negotiated negotiable instrument and is not entitled to enforce the mortgage notes (request payment) under 19 L.P.R.A. §601. Therefore, Planet Home must abide by Section 2-309 of the Commercial Transactions Act and the Real Property Registry Act and Mortgage Regulation 8814 that establish the judicial remedies available for the substitution/replacement of a lost mortgage note in which the obligation has not been extinguished.

Section 2-301(3) provides that a person not in possession of the instrument is entitled to enforce the instrument pursuant to §§609 and 668(d) of this title. The Commercial Transactions Act in conjunction with the Real Property Registry Act and Regulation 8814 establish the remedies available in the instance of a lost mortgage note and the legal action that must be undertaken.

Section 2-309 provides the following regarding the enforcement of a lost, destroyed, or stolen instrument:

(a) A person entitled to enforce an instrument, but who is not in possession of the instrument, retains the right of enforcement if the loss of possession is not the result of a voluntary transfer or a legitimate taking and such person may not reasonably reacquire the instrument because the same has been destroyed, lost or stolen.

(b) A person seeking enforcement of an instrument under subsection (a) of this section must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, §608[2] of this title applies as if the instrument had been produced.

---

[2] Section 2-308 provides: "(a) Except when the authenticity of, and authority to make, a signature on the instrument is denied in the pleadings, in a judicial action with respect to the instrument, the authenticity and the signature will be construed as admitted. If the validity of a signature is denied, the burden of establishing validity is on the person claiming it, but the signature is presumed to be authentic if the action is not to enforce the liability of a purported signer who is dead or incompetent when evidence of validity of the signature is required. If an action to enforce the

Judgment in favor of the person seeking enforcement must be based on a finding that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. 19 L.P.R.A. §609.

Article 96[3] of the Real Property Registry Act provides:

"In every case of mortgage foreclosure, the registered owner shall be sued.
In the cases of mortgage foreclosures that are guaranteed by negotiable instruments, the provisions of the mercantile legislation in effect shall be applied as to the payment of said instruments." 30 L.P.R.A. §6133.

Article 122 of the Real Property Registry Act provides:

"If all or some of the negotiable instruments have been lost or destroyed, without the preceding requirements, said registrations can only be cancelled by presentation of an unappealable judgment duly certified in which the obligations represented by said instruments are rendered extinguished." 30 L.P.R.A. §6172.

Rule 92.4[4] of Regulation 8814 provides the proceeding for the substitution of a lost negotiable instrument in which the obligation has not been extinguished as follows:

"[i]n the event of loss or destruction of the negotiable instrument prior to the extinction of the obligations having been represented, it is necessary to follow the proceeding established in Rule 122.1 of these Regulations. After the alleged facts have been proven, the judgment or resolution rendered by the Court will provide for the substitution of the negotiable

---

instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument as a represented person under § 652(a) of this title.

(b) If the validity of signatures is admitted or proved and there is compliance with subsection (a) of this section, a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under § 601 of this title, unless the defendant proves a defense or claim in recoupment. If a defense or claim in recoupment is proved, the right to payment of the plaintiff is subject to the defense or claim, except to the extent the plaintiff proves that the plaintiff has rights of a holder in due course which are not subject to the defense or claim." 19 L.P.R.A. §608.

[3] Article 96 of the Real Property Registry Act provides in the following in the Spanish language: "[e]n todo caso de procedimiento de ejecución de hipoteca se demandará al titular inscrito.
En los casos de ejecución de hipotecas que garantizan instrumentos negociables, deberá darse cumplimiento a las disposiciones de la legislación mercantil vigente relativas al cobro de tales instrumentos." 30 L.P.R.A. §6133.

[4] Rule 92.4 of Regulation 8814 provides in pertinent part the following in the Spanish language: "[e]n caso de extravío o destrucción del instrument negociable sin que se hayan extinguido las obligaciones representadas, se llevará el procedimiento según lo dispuesto en la Regla 122.1 de este Reglamento. Probados los hechos alegados, la sentencia o resolución que emita el Tribunal dispondrá para el otorgamiento del instrumento negociable sustituto. Bajo nunguna circunstancia se aceptará una copia del instrumento negociable extraviado como instrumento sustituto."

instrument. Under no circumstances will a copy of the lost negotiable instrument be accepted as a substitute negotiable instrument.

In order to register the substitution, it will be necessary to present a certified copy of the deed of substitution of a negotiable instrument in which the notary will relate the judgment, resolution or order rendered by the Court and will certify under his notarial faith that the same were before him or her. The creditor and the debtor(s) must appear in the deed of substitution. If the debtors are not available, the Bailiff will appear as ordered by the Court. A copy of the substitute negotiable instrument must be attached to the deed. It shall not be necessary to attach the judicial documents as complementary documents. The Registry will record the new number of testimony or affidavit and only the rights corresponding to a marginal note without amount that will be paid."

Rule 122.1[5] of Regulation 8814 provides the judicial process that needs to be followed regarding the cancellation of mortgages securing titles conveyed by endorsement or payable to the bearer that have been lost or destroyed. It states that:

"[w]hen a negotiable instrument that is secured with a mortgage has been lost, a judicial proceeding must be initiated against the last known holder of the loss or destroyed instruments, and any unknown holder/possessor. If the last known creditor is a different person from the one that appears in the Registry, this person shall also be sued and summoned."

Rule 96.2[6] of Regulation 8814 in pertinent part provides the following also applies when a mortgage is guaranteed by a negotiable instrument:

---

[5] Rule 122.1 of Regulation 8814 provides in pertinent part the following in the Spanish language: "[c]uando se haya extraviado el instrumento negociable garantizado con hipoteca o alguno de ellos, de ser varios, se instará acción judicial contra el último poseedor conocido de los instrumentos extraviados, y cualquier poseedor desconocido. Cuando el ultimo acreedor conocido es una persona distinta a la que surge del Registro, también se deberá demander y emplazar a éste."

[6] Rule 96.2 of Regulation 8814 provides in pertinent part the following in the Spanish language: "[c]uando la hipoteca que es objeto de ejecución garantiza un instrument negociable, se observarán las siguientes reglas, de conformidad con lo dispuesto en el Articulo 96 de la Ley y en las Secciones 2-308 y 2-309 de la Ley de Transacciones Comerciales:

1. La demanda deberá alegar el derecho que la parte demandante tiene sobre el instrument garantizado a tenor con lo dispuesto en la Ley de Transacciones Comerciales. Si la parte demandante no está en posesión del instrument porque el  mismo está extraviado o ha sido destruido o robado, no tiene legitimación active para iniciar el proceso judicial. En estos casos deberá cumplirse con el procedimiento descrito en la Regla 92.4 y el inciso (5) de esta Regla.

------

5. Si la parte demandante no acompaña con la demanda una copia del pagaré que alega es un instrumento negociable o no exhibe el original en el tribunal una vez requerida para ello, se presumirá que el instrument está extraviado, destruido o robado y será de aplicación lo dispuesto en la Sección 2-309 de la Ley de

"[w]hen a mortgage is being executed and is guaranteed by a negotiable instrument, the following rules must be observed, in conformity with Article 96 of the Law and Sections 2-308 and 2-309 of the Commercial Transactions Act:

1. The complaint should allege the right that the plaintiff has over the negotiable instrument pursuant to the Commercial Transactions Act. If the plaintiff is not in possession of the instrument because it was lost, destroyed, or stolen, the plaintiff does not have standing to initiate the judicial proceedings. In these cases, the plaintiff must abide by the proceedings described in Rule 92.4 and item 5 of this Rule.

------

5.  If the plaintiff does not attach a photocopy of the alleged note that is a negotiable instrument or does not present the original to the court, it will be presumed that the negotiable instrument is lost, destroyed, or stolen and Section 2-309 of the Commercial Transactions Act and Rule 92.4 will apply."

The Court concludes that since Planet Home is not a holder in due course of a negotiated instrument and is not in possession of the mortgage notes, it must abide by the proceedings required by state law for lost mortgage notes for which the mortgage obligation has not been extinguished, in particular, Section 2-309 of the Commercial Transactions Act and Rules 92.4, 96.2 and 122.1 of Mortgage Regulation 8814. Moreover, the lost mortgage notes were not indorsed in favor of claimant. Therefore, the Court finds that at this juncture, Planet Home lacks standing to enforce the mortgage notes.

The Court further finds that Planet Home's request to authorize it to initiate the necessary legal proceedings to substitute the mortgage notes pursuant to 11 U.S.C. §362(b)(3)[7] and

---

Transacciones Comerciales. En tal caso, además de lo dispuesto en la Regla 92.4 y esta Regla deberá cumplirse con lo siguiente:
    A. La parte demandante deberá probar:
        (1) los términos del instrumento,
        (2) su derecho a exigir su cimplimiento, y
        (3) que la pérdida de su posesión no se debió a una cesión voluntaria o a una incautación legal.
    B. La sentencia dictada a favor de la parte demandante tendrá que estar fundamentada en una determinación del Tribunal de que la parte demandada estará debidamente protegida contra cualquier pérdida que pudiese resultar de una reclamación invocada por otra persona para exigir el cumplimiento del instrumento."

[7] 11 U.S.C. §362(b)(3) provides in pertinent part: "[t]he filing of a petition under section 301, 302, or 303 of this title,--- does not operate as a stay--- (3) under subsection (a) of this section, of any act to perfect, or to maintain or continue the perfection of, an interest in property to the extent that the trustee's rights and powers are subject to such perfection

§546(b)(1)[8] lacks particularity because it does not specify if the remedy requested is under subsection 546(b)(1)(A) or (B) and is devoid of the necessary legal foundation that delves into the applicable state law that permits perfection of an interest in property or provides for the maintenance or continuation of perfection of an interest in property. It is important to note that both subsections of 546(b)(1) deal with perfection of a property interest existing as of the petition date, and not enforcement of an interest that has been perfected pre-petition. See Richard Levin & Henry J. Sommer, 5 Collier on Bankruptcy ¶546.03[2] (16th ed. 2022). "While some courts hold that the unambiguous language of section 546(b)(1)(A) does not require that applicable law contain language providing that perfection, or maintenance or continuation of perfection, of an interest in property relates back in time to be superior in priority to the interest of any entity acquiring rights in the property before the date of perfection or the date on which action is taken to effect maintenance or continuation of perfection in the property, other courts look to the legislative history and hold that the applicable law must so specifically provide. In any event, perfection must relate back to a prepetition period, because the trustee becomes an intervening lien creditor under section 544(a) of the Bankruptcy Code upon the commencement of the bankruptcy case." Id. at ¶546.03[c][i]. Moreover, the Court would need to be briefed if the procedure for the substitution of a lost mortgage note constitutes perfection of a mortgage security interest. Notwithstanding, the Court notes that Planet Home has not requested relief from the automatic stay pursuant section 362(a) and Fed. R. Bankr. P. 4001(a).

---

under section 546(b) of this title or to the extent that such act is accomplished within the period provided by section 547(e)(2)(A) of this title."

[8] 11 U.S.C. §546(b)(1) provides in pertinent part: "[t]he rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that—
(A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or
(B) provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation."

Notwithstanding the disposition of the specific matter before the Court, the repayment of the secured claim is the crux to the confirmation of Debtors' chapter 13 plan. There is no question that there is a lien on Debtors' property at Urb. Levittown, Toa Baja, Puerto Rico. The question is whether Planet Home is the party that may enforce the lien, as it has lost the mortgage note, such issue should be decided by the Courts of Puerto Rico following its applicable law and regulations. This Court has not been placed in a position to so determine. Thus, confirmation of the proposed plan will not be accomplished until such decision is made.

The Court notes and stresses that the amended chapter 13 plan proposed to pay Planet Home as a secured creditor in the amount of $76,645.08, without providing any explanation for the basis of reaching such amount. And, on the other hand, questions without legal grounds Planet Home's standing to pursue its position; albeit the inapplicability of judicial estoppel, the positions are contradictory.

### Conclusion

In view of the foregoing, Planet Home's motion for summary judgment is denied.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of March 2023.

Enrique S. Lamoutte
United States Bankruptcy Judge

-20-